Kenwood Savings and Loan Association *v.* Williams et al.

[Cite as Kenwood Savings & Loan Assn. v. Williams, 8 Ohio Misc. 23.]

(No. 34562. Decided July 19, 1966.)

Common Pleas Court of Clermont County.

*Mr. John Rivers*, for plaintiff.

Nichols, J. This case came on for regular hearing on the petition which is a suit to foreclose a real estate mortgage on a piece of property in Clermont County which was purchased on September 27, 1965, by the defendants, Elwood M. Williams and his wife, Sue Williams, at which time the defendant, Sue Williams was a minor and still is a minor. She will not be 21 until the early part of 1967. A situation develops that is possibly not too uncommon where a young married couple decided to purchase a home and put the property in their joint names.

The testimony discloses that either wilfully or not, plaintiffs were not advised that the defendant, Sue Williams, was a minor. The record discloses that the purchase price for the property was $15,500, of which $500 was paid in cash; a mortgage was given to the plaintiff, The Kenwood Savings and Loan Association, for $12,800 and a second mortgage given to the sellers who are also parties to this suit; Richard and Alice Krimpenfort, for the sum of $2,200. The monthly payments on the original first mortgage call for payments of $92 per month and provided, among other things, in the event of the failure to pay the monthly installments, the unpaid balance would become due and payable. The defendants, Williams, defaulted in their payments and foreclosure suit was instituted on April 2, 1966. While not too important in this case, it is of interest to note that the parties have been divorced in this court. The matter is still pending, however, on a motion for a new trial and the defendant, Elwood M. Williams, has filed bankruptcy and has been adjudicated a bankrupt; his trustee in bankruptcy has been made a party to the foreclosure proceedings and filed an answer consenting to the sale. The evidence disclosed that, at the time of the hearing on July 16, 1966, the amount due on the original mortgage of $12,800 was $13,220.45. No testimony was presented on the amount due on the second mortgage.

The question before the court is the responsibility of a minor for signing a real estate mortgage and the rights of the holder of the mortgage under these circumstances. There are many cases in Ohio and in other states attempting to set forth responsibility of a minor for contracts. There are many cases defining what are or are not necessities; many cases setting out the method and time by which a minor might disaffirm a contract; there are cases in respect to mortgages on chattel property setting out the necessity of the return of the chattel property before disaffirming the provisions of the mortgage. The cases in general hold that a contract with a minor is not void, but voidable and hold, generally, he cannot use the excuse of minority as a sword, rather than use it as the protection as a shield. There are statutory provisions in Ohio for a minor over 18 to release dower to her husband's property and there are statutory provisions that the minor wife of a party

eligible for a loan under the servicemen's readjustment act, may sign a mortgage without the intervention of a guardian. The court, however, has been unable to find any case in Ohio setting out a decision in accordance with the specific facts in this case and therefore, the court must adopt general principles which he believes will do justice to all parties.

The court fully realizes that it is not within the power of a minor to convey real estate without the appointment of a guardian and specific authority of the court to make such conveyance. It is likewise not within the power of a minor generally to borrow money and execute a mortgage on property the minor might own, without the appointment of a guardian and application to the court setting forth the necessity of making such a loan. This case, however, has a somewhat different situation. The parties were purchasing the property as, of course, a minor has the right to do. In payment for the property, the minor and her husband paid a relatively small amount of cash. The majority of the purchase price was paid from the proceeds of a loan from the building and loan company and the balance was paid by the signing of a second mortgage to the sellers. The minor and her husband went into possession of the property and had the use and enjoyment of the property for a number of months but failed to carry out the terms of the mortgage and allowed it to become in default; in this case, probably because of the marital difficulties between the parties. The record further disclosed that the defendants, Williams, have abandoned the property and it is now vacant. The court feels that it would be an injustice to require the plaintiff, the Kenwood Savings and Loan Association, to wait for another six or eight months until the minor defendant would be of age and then have the opportunity to disaffirm the contract. The court will, therefore, hold that, to the extent of the value of the property purchased and received by the defendants, Williams, one of whom was a minor, that that is responsible towards the payment of the mortgage indebtedness. In other words, the building and loan shall have the right to foreclose on their mortgage, to have the property put up at public sale and apply the proceeds of the sale towards the payment of their mortgage; but it shall not have the right to take judgment over against the minor defendant if any deficiency arises from the sale of the property.

The same benefits should apply to the defendants, Krimpenforts, who are the holders of the second mortgage on this property. The court will, therefore, enter a judgment ordering the sale of the property and reserving the rights of the holders of the second mortgage to protect their interest in the event the property is sold for more than sufficient to pay off the first mortgage.

*Judgment accordingly.*